Geoffrey C. Angel
**ANGEL LAW FIRM**
**803 West Babcock**
**Bozeman, Montana 59715**
**Telephone: (406) 922-2210**
**Facsimile: (406) 922-2211**

**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **SAUNDRA SCOTT,** ) | **Cause Number: CV-12-** |
| ) | |
| **Plaintiff,** ) | **COMPLAINT and** |
| ) | **1. DISABILITY DISCRIMINATION** |
| **vs.** ) | **(HUMAN RIGHTS ACT)** |
| ) | **2. DISABILITY DISCRIMINATION** |
| **WAVELENGTH ELECTRONICS,** ) | **(AMERICAN WITH DISABILITIES ACT)** |
| **INC.** ) | **3. WRONGFUL DISCHARGE** |
| ) | |
| **Defendant.** ) | **DEMAND FOR JURY TRIAL** |

**COMES NOW** the plaintiff Saundra Scott, by and through her counsel of record Geoffrey C. Angel, and for her claims for relief alleges as follows:

**NATURE OF ACTION**

1.     This action is being brought by Saundra Scott against Wavelength Electronics, Inc. for  disability discrimination in violation of Montana's Human Rights Act and the American with Disabilities Act, or in the alternative, violation of Montana's Wrongful Discharge from Employment Act.

2.     Saundra Scott is a citizen, resident and domicile of Bozeman, Gallatin County, Montana.

3.     Wavelength Electronics, Inc. is incorporated in the state of Montana

with its principle place of business in Bozeman.

4. Saundra Scott worked for wavelength from March 22nd until November 3, 2011.

5. Wavelength terminated Scott for the stated reason that she was sick too often.

6. Scott discussed her disabilities with Wavelength in her interview before being hired.  Wavelength was aware of Scott's disabilities, discussed them with her, considered her disabled and unable to do her job and she had a record of a disability within Wavelength employment file for her.

7. Scott occasionally missed work but got her absences approved or provided a doctor's note for the time she missed off of work.

8. Wavelength was aware and on notice of her disability due to the doctor's notes contained within Scott's personnel file.  In fact, one note Scott provided to Wavelength says Scott was being treated for an "acute condition."

9. Wavelength never wrote Scott up for performance issues or otherwise criticized her performance of the job duties.

10. On November 3, 2011 Wavelength notified Scott she was being terminated for being sick too often.  Scott asked to keep her job and asked Wavelength to accommodate her disability.

11.     Wavelength failed and refused to engage in a good faith interactive
        process.

12.     Wavelength had an employee handbook but failed to follow its
        provisions.  Wavelength had no legitimate business reasons for
        discharging Scott and it affirmatively discharged her for refusing to
        violate public policy and in violation of its own handbook.

13.     Scott exhausted her administrative remedies and her damages exceed
        $75,000.

## APPLICABLE STATE LAW

14.     Plaintiff's claim is being brought pursuant to the Montana Human
        Rights Act and Montana's Wrongful Discharge from Employment
        Act.  Venue is proper in the Eighteenth Judicial District Court as all
        parties are residents of Gallatin County, Montana.

## APPLICABLE FEDERAL LAW

15.     Jurisdiction is proper in Federal District Court under 28 U.S.C. § 1331
        based on the federal question and the state law claims are included
        under supplemental jurisdiction 28 U.S.C. § 1367.

16.     Venue is proper in the Butte Division of the Federal District of
        Montana because plaintiff is a residents of Bozeman, Gallatin
        County, Montana.  Defendant Wavelength Electronics is a Montana
        corporation with its principle place of business in Bozeman.
        Plaintiff's claim is being brought pursuant to the American with
        Disabilities Act, 42 U.S.C. §§ 12101 et seq.

## COUNT-1-DISABILITY DISCRIMINATION (VIOLATION OF HUMAN RIGHTS ACT)

17.     Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18.     Plaintiff is a member of a class of persons whom are intended to be protected by the Human Rights Act.

19.     Plaintiff is disabled.  Defendant considered plaintiff disabled. Defendant maintains a record which categorizes plaintiff as disabled.

20.     Defendant, its employees and agents, discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of employment because of her disability.

21.     Defendant, its employees and agents, subjected Plaintiff to discrimination due to her disability which altered the terms and conditions of her employment.

22.     Defendant, its employees and agents, intentionally discriminated against Plaintiff based on her disability.

23.     Defendant's, its employees' and agents', conduct was so severe and pervasive that it had the purpose and effect of unreasonably interfering with Plaintiff's work performance and of creating an intimidating, hostile, and offensive work environment due to her disability.

24.     Defendant, its employees and agents, limit, segregate and classify its employees which deprives and has the natural tendency to deprive disabled employees, including Plaintiff, of their status as an employee based on disability.

25.     Defendant, its employees and agents, evaluate and interact with employees by assuming or insisting that they match a stereotype associated with their disability.

26.     Plaintiff was subjected to a continuous policy and practice of discrimination by Defendant, its employees and agents.

27.     Defendant retaliated against Plaintiff for opposing discrimination.

28.     Defendant was aware of specific and related instances of discrimination and permitted them to continue unremedied over a significant period of time.

29.     Defendant, its employees and agents, acts were intentional and willful when taken.

30.     Defendant, its employees and agents, acts were calculated to cause damage to the Plaintiff.

31.     They were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor.

32.     As a direct result of these actions, Plaintiff suffered a loss of income,

humiliation, emotional distress and trauma, suffered a loss of course of life and loss of pursuit of her occupation.

33.   Defendant, its employees or agents, acted with knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff and:(a) deliberately proceeded to act or failed to act in conscious or intentional disregard of the high probability of injury to Plaintiff; or (b) deliberately proceeded to act or failed to act with indifference to the high probability of injury to Plaintiff.

## COUNT-2-DISABILITY DISCRIMINATION/RETALIATION
### (VIOLATION OF AMERICAN WITH DISABILITIES ACT)

34.   Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35.   Plaintiff is a member of a class of persons whom are intended to be protected by the American with Disabilities Act.

36.   Plaintiff is disabled.  Defendant considered plaintiff disabled. Defendant maintains a record which categorizes plaintiff as disabled.

37.   Defendant, its employees and agents, discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of employment because of her disability.

38.   Defendant, its employees and agents, subjected Plaintiff to discrimination due to her disability which altered the terms and conditions of her employment.

39.    Defendant, its employees and agents, intentionally discriminated against Plaintiff based on her disability.

40.    Defendant's, its employees' and agents', conduct was so severe and pervasive that it had the purpose and effect of unreasonably interfering with Plaintiff's work performance and of creating an intimidating, hostile, and offensive work environment due to her disability.

41.    Defendant, its employees and agents, limit, segregate and classify its employees which deprives and has the natural tendency to deprive disabled employees, including Plaintiff, of their status as an employee based on disability.

42.    Defendant, its employees and agents, evaluate and interact with employees by assuming or insisting that they match a stereotype associated with their disability.

43.    Plaintiff was subjected to a continuous policy and practice of discrimination by Defendant, its employees and agents.

44.    Defendant retaliated against Plaintiff for opposing discrimination.

45.    Defendant was aware of specific and related instances of discrimination and permitted them to continue unremedied over a significant period of time.

46.    Defendant, its employees and agents, acts were intentional and willful

when taken.

47.     Defendant, its employees and agents, acts were calculated to cause damage to the Plaintiff.

48.     They were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor.

49.     As a direct result of these actions, Plaintiff suffered humiliation, emotional distress and trauma, experienced physical pain and suffering, suffered a loss of course of life and loss of pursuit of her occupation.

50.     Defendant, its employees or agents, acted with knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff and:(a) deliberately proceeded to act or failed to act in conscious or intentional disregard of the high probability of injury to Plaintiff; or (b) deliberately proceeded to act or failed to act with indifference to the high probability of injury to Plaintiff.

**COUNT-3-WRONGFUL DISCHARGE FROM EMPLOYMENT ACT**

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52.     Defendant violated the terms of its own personnel policies and/or the terms of its employee handbook.

53.     Defendant terminated Plaintiff from her employment without good

cause.

54.    Defendant terminated Plaintiff from her employment for refusing to violate public policy or reporting a violation of public policy.

55.    Defendants action in its termination of Plaintiff constitutes actual fraud and actual malice.

56.    Plaintiff make make a valid offer to arbitrate to Defendant which will not be accepted within thirty days as required by § 39-2-914, MCA.

**WHEREFORE**, the plaintiff Saundra Scott prays for judgment as follows:

1.    An amount for all special and general damages for discriminating under the Human Rights Act.

2.    An amount for all special and general damages for discrimination under the American with Disabilities Act.

3.    Up to four year's lost wages based on Defendant's wrongful discharge of plaintiff.

4.    Punitive damages due to Defendant's fraudulent and malicious conduct in discriminating and discharging plaintiff from her employment.

5.    Costs, including reasonable attorney fees and such other and further relief as this Court deems just and proper in this cause.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demands a trial by jury of all issues raised by this Complaint.

DATED this 14th day of August 2012

ANGEL LAW FIRM


Geoffrey C. Angel